No. 44,105

STATE OF KANSAS, *Appellant,* v. ROBERT HOOPENGARNER, *Appellee.*

(402 P. 2d 815)

Opinion filed June 12, 1965.

*Robert M. Brown,* county attorney, argued the cause, and *Robert C. Londerholm,* attorney general, and *Sherman A. Parks,* assistant county attorney, were with him on the brief for the appellant.

No appearance for appellee.

The opinion of the court was delivered by

ROBB, J.: The state appeals from the order of the trial court sustaining defendant's motion to discharge in a criminal prosecution for first degree robbery under K. S. A. 21-527 because defendant, who had been confined to the locked ward of the Veterans Administration Hospital for the past four years, was legally insane. This is the only question here for appellate review.

Defendant was charged with first degree robbery of the Wiseman Liquor Store by use of a gun and in the presence of Robert Hoffsett. Immediately after the jury was sworn to try the cause in the district court, and during a court recess, defendant's counsel moved to dismiss because defendant "was legally insane and committed by Jackson County, Missouri Probate Court and legally adjudged insane and has been a ward of the Veterans Administration Hospital the past four years in the locked ward, and we feel it is a matter for the Court to determine before submission of the facts in the case."

In support of the motion to dismiss, defendant's witness, Glenwood C. Henderson, assistant chief of the registrar division at the Veterans Administration Hospital in Topeka, Kansas, identified an order of hospitalization issued by the probate court of Jackson

County, Missouri, on December 6, 1960. He testified that on February 20, 1961, defendant, as a transferee, had been received at the Topeka hospital from the hospital in Kansas City, Missouri, and that while at the hospital defendant was on locked or semi-closed wards. Subsequently defendant had been discharged "for administrative reason" but not as cured.

Lawrence Hoopengarner, father of defendant, testified that since defendant's discharge from the Marine Corps in 1956 he had had trouble with defendant mainly by reason of defendant's alcoholism. The father stated defendant had originally been committed because he had attempted suicide.

The record of defendant's preliminary hearing was introduced and admitted and it indicated this same motion to dismiss had been introduced at that time. The trial court took the matter under advisement and later sustained defendant's motion with the following remarks:

". . . Without question, defendant was committed to the Veterans Hospital in Topeka and housed in a locked ward when he eloped and perpetrated the offense with which he now stands charged. The record discloses this fact was shown at the preliminary hearing in the Court of Topeka. It has been stated that there is no case in the Kansas Reports involving a situation of this kind. This Court is of the opinion that such is true simply because no county attorney has heretofore received the assistance of a magistrate which made it possible to bring such a situation to the level of the District Court.

"Gentlemen, this defendant should never have been bound over to this court. In the interest of justice, the motion to discharge is sustained. The case is dismissed.

"I have been assured by counsel for defendant that he will be returned to the Veterans Hospital in Topeka. In making this ruling I am relying upon such assurance and urging that it be done with all proper speed, complying with the orders of the Court of original jurisdiction and commitment in Jackson County, Missouri, and the requirements of the United States Veterans Administration."

Hence this appeal by the state.

The record further discloses that on December 6, 1960, defendant's father, in applying for a hospitalization order for defendant in the probate court of Jackson County, Missouri, submitted a certificate of a licensed physician stating, "he has examined the aforesaid proposed patient and is of the opinion that said patient is mentally ill and should be hospitalized. . . ."

The Jackson County, Missouri, probate court made the following finding:

". . . the said Robert L. Hoopengarner is mentally ill and is in need of custody, care and treatment in a mental hospital and, because of such illness, lacks sufficient insight and capacity to make responsible decisions with respect to such hospitalization and is a fit subject to be sent to a Veterans Hospital . . . as a private patient, to undergo observation and treatment therein for an indeterminate period of time."

The probate court then ordered:

". . . that said Robert L. Hoopengarner be committed to a Veterans Hospital, at _____, there to be detained by the person in charge of said hospital until discharged by law and to undergo observation and treatment thereat for an indeterminate period of time as a private patient, and that the clerk of this court make out a certified copy of this judgment which, together with a detailed medical history of the case prepared by Dr. A. R. Mueller, shall be delivered to said hospital."

No brief has been filed or appearance made herein by the defendant.

The question presented in this case is not difficult in view of the provisions of K. S. A. 62-1532 which, in part, are:

"Whenever during the trial of any person . . . evidence is introduced to prove that he or she was insane . . . or person of unsound mind, at the time of the commission of the ogense, and such person shall be found to have been at the time of the commission of the offense alleged . . . insane . . . or person of unsound mind, and he or she shall be acquitted on the ground, the jury shall so state in the verdict. . . ."

The above statute was interpreted and applied in *Fisher v. Fraser*, 171 Kan. 472, 233 P. 2d 1066, where it was said:

". . . [1] we have recognized that the defense of mental unsoundness *is a procedural matter which must be brought to the attention of the court at the time of trial* . . . [2] the question of the sanity of the accused at the time of the alleged commission of the offense is one to be determined by the jury upon the evidence introduced bearing upon such issue . . . [3] the test of liability for commission of the crime . . . is whether he was capable of distinguishing between right and wrong at the time and with respect to the act committed." (Our emphasis.) (p. 476.)

See, also, other cases cited under K. S. A. 62-1532.

Thus we conclude the trial court in our present case erred in treating this as a jurisdictional matter because it was, in fact, a procedural one. We are, therefore, compelled to hold that the appeal be sustained upon the state's contention of error reserved.

Appeal sustained.